### No. 4407.

### A. W. WALKER *v.* E. VILLAVASO.

When an injunction was dissolved upon the face of the papers, no statement of facts, evidence or assignment of error is necessary to enable this court to pass on the correctness of the said ruling. This court has only to look into the allegations or grounds for the injunction to determine whether or not they are sufficient to authorize the writ; but this can not be done on a motion to dismiss.

Where, after a first injunction, which was dissolved, the sheriff was simply proceeding with a sale long after the seizure had been made, and where, on a second injunction being taken, it was alleged as a ground for said injunction that no demand of payment and no notice of seizure were ever served according to law;

Held—That these objections, if there be cause for them, should have been made on the first injunction.

Article 666 C. P. and the two preceding articles must all be construed together so as to give effect to each.

Where the ground for injunction was that the advertisement purports to sell movables at the courthouse, which can only be done at the place of seizure;

Held—That when a plantation and its fixtures are to be sold under a mortgage as in this case, the sale must be made at the seat of justice unless the debtor require it to be made on the plantation.

The advertisement, in this case, describes the articles, called movables by plaintiff, as constituting a part of the buildings and improvements on the plantation, and with one or two trifling exceptions, they are what the law subjects to the mortgage existing on the plantation; but, if they were movables, it would not be a ground for injoining the sale of the property subject to the mortgage, and besides, the plaintiff has not requested the sale to be made on the plantation.

A judgment, after its transfer, may be executed in the transferrer's name, but if it be the transfer of a litigious right, as charged in this case, the debtor—the appellant herein—has not tendered payment of the price given, in order to put an end to litigation.

An error in the calculation of interest on the judgment rendered and sought to be executed, is no ground for an injunction. If any error in this respect exists, it can be corrected on a settlement at or after the sale, should the property sell for more than the mortgage debt for which the seizure was originally made. The sale must proceed under the order of seizure and sale, even if the *fieri facias* be issued for too large a sum.

APPEAL from the Second Judicial District Court, par.sh of St. Bernard. *Pardee,* J. *Walker, in propria persona. Roselius & Philips,* for defendants and appellees.

### ON MOTION TO DISMISS.

HOWELL, J. The defendant moves to dismiss the appeal in this c.se on the grounds:

*First*—Because there is no statement of facts, evidence, nor assignment of error apparent on the face of the record.

*Second*—Because the injunction was obtained, the suit instituted and the appeal taken in violation and contempt of the peremptory mandamus issued by the Supreme Court, reported in 20 An. 521.

*Third*—When an application was made to the Supreme Court to punish the appellant, Walker, and the Parish Judge of St. Bernard, the first for applying for, and the second for granting said injunction, both purged themselves of the contempt under oath, and in consequence thereof the rule was discharged, but at the same time Walker persisted in the violation of the mandamus by taking the present appeal.

*Fourth*—It is apparent from the record in the case that Walker is determined to abuse the writ of injunction to defeat the administration of justice and to defy the authority of the court.

1. As to the first ground, it appears that the injunction was dissolved upon the face of the papers, and hence no statement of facts, evidence or assignment of error is necessary to enable this court to pass on the correctness of the said ruling. We have only to look into the allegations or grounds for the injunction to determine whether or not they are sufficient to authorize the writ; but this can not be done on a motion to dismiss.

2, 3 and 4. It appears to us that the other grounds relate also to the merits, as it will be necessary to examine into the nature and sufficiency of the grounds for the injunction in order to determine whether or not the injunction is in violation and contempt of any order of this court, and intended to defeat the administration of justice. When we come to the merits of the appeal, if we find such to be the case we can render the necessary order on the subject.

The motion is refused.

### On the Merits.

HOWELL, J. This is the injunction to which we referred in the case of Villavaso *v.* Walker, 24 An. 213, where we remarked that "The grounds upon which he (Walker) bases his application for an injunction do not seem to be sufficient to justify the writ, but we are not prepared to say that the wrongful suing out of an injunction on alleged grounds, arising since the judgment, can be properly construed to be in contempt of the authority of this court; and we declined punishing him for contempt."

An examination of the record now before us has not removed the impressions we then had of the merits of the grounds for the injunction. The plaintiff herein has, since the year 1861 to the present time,

successfully baffled the defendant in the execution of an ordinary writ of seizure and sale issued upon an act importing confession of judgment, and this is the fourth injunction that the plaintiff has obtained. It was granted by the parish judge in the absence of the district judge, and when the papers were presented to the latter in chambers, in a different parish and without notice to the plaintiff, he gave an order dissolving the injunction, from which this appeal was taken.

This *ex parte* order was clearly irregular, but as the question is presented, whether the petition sets forth sufficient grounds for the issuance of the writ and the parties are regularly before us, it is unnecessary to remand the case to be tried contradictorily. We will review the action of the district judge in dissolving the injunction, as upon a motion to dissolve on the face of the papers.

*First*—The first ground is, no demand of payment and no notice of seizure were ever served according to law.

The seizure had been made long before, and the sheriff was simply proceeding with the sale after the dissolution of the injunction. These objections, if they existed, should have been made in the first injunction.

*Second*—The advertisement of the sale purports on its face to be made under three different writs, two in the name of different parties, and one being a writ of *fieri facias*.

This objection is totally without force.

*Third*—The advertisement purports to sell movables at the court-house, which can only be done at the place of seizure, and art. 666, C. P., is quoted. It enacts that "animals and utensils attached to plantations and manufactures, and such articles as can not be easily removed, must be sold on the spot where they are taken, on the day and hour appointed for this purpose by the sheriff."

The two preceding articles provide that sale of the property must be made at the seat of justice, but in the country it may be made on the plantations which are to be sold, if the debtor require it, of which notice must be given in the advertisement. These articles must all be construed together so as to give effect to each. Where a plantation and its fixtures are to be sold under a mortgage, as in this case, the sale must be made at the seat of justice, unless the debtor require it to be made on the plantation. It is not intended that the articles attached to the plantation and which are mortgageable shall be sold in one place and the land in another. Under the writ of seizure and sale, all are seized and sold at one and the same time. The advertisement in this case describes the articles, called movables by the plaintiff, as constituting a part of the buildings and improvements on the plan-

tation, and with one or two trifling exceptions they are what the law subjects to the mortgage created on the plantation. But if they were movables it would not be a ground for injoining the sale of the prop-- erty subject to the mortgage, and the plaintiff has not required the sale to be made on the plantation.

This disposes of the fourth, fifth and sixth grounds of objection.

*Seventh*—No legal notice of appraisement was served on appellant, and no legal appraisement was ever made.

The plaintiff has already obtained all the benefit of this objection if it existed, and it can readily be remedied in the future proceedings.

*Eighth, Tenth and Eleventh*—These grounds set up the discovery of a transfer by Villavaso, plaintiff in the seizure, to one J. E. Zunts, allege want of notice thereof, and charge it to be the sale of a litigious right.

They constitute no ground as presented for an injunction of an order of seizure and sale or writ of *fieri facias*. A judgment, after its trans- fer, may be executed in the transferrer's name. 13 An. 324. And if it be the transfer of a litigious right, as charged, the debtor, the ap- pellant herein, has not tendered payment of the price given in order to put an end to litigation.

*Ninth*—There is error in the calculation of interest on the judgment rendered and sought to be executed, amounting to $3450.

This refers to the twenty-five per cent. damages allowed upon the dissolution of one of the previous injunctions in this proceeding, and for which a *fieri facias* is in the hands of the sheriff. If any error in this respect exists, it can be corrected on a settlement at or after the sale, should the property sell for more than the mortgage debt for which the seizure was originally made. The sale must proceed under the order of seizure and sale, even if the *fieri facias* be issued for too large a sum.

We have patiently and carefully reviewed all the grounds presented by the plaintiff in injunction, and we must express the hope that the parties and officers who are executing the writs in question will strictly and faithfully observe all the requirements of the law, and so conduct the future proceedings herein as to avoid any pretext for a continuance of this already scandalous litigation, by which the execution of a sim- ple order of seizure and sale has been protracted for twelve years.

It is therefore ordered that the judgment appealed from herein be affirmed with costs.

Rehearing refused.