## No. 8778.

### SUCCESSION OF N. A. BAUMGARDEN.

A man dies intestate, leaving an estate consisting of property held in community with his wife, who survives him. The wife soon after dies, leaving a last will. The major heirs of the husband obtain an order putting them in possession of his estate, consisting of his interest in the community. *Held*, that the testamentary executors of the wife's will, and the tutor of a minor heir of the two deceased spouses had an interest in said order sufficient to entitle them to an appeal therefrom.

A husband dies intestate, leaving three heirs of age and one minor, the issue of his marriage with the wife who survives him, to an estate held in community with the surviving wife. The wife shortly after dies, leaving a last will and appointing a tutor to the minor child of herself and deceased husband. The executors of the wife and the tutor of the minor child, there being no debts except the debt of the husband's succession to the succession of the wife, have no right to oppose the putting into possession of the heirs of age to the extent of their interest in the succession of their father. If any inconvenience or confusion is caused thereby, it can be promptly adjusted by a partition among the heirs. The minor heir cannot be prejudiced by such proceeding, and his tutor is without interest to oppose.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*W. B. Koontz* and *T. Gilmore & Sons* for the Appellants:

1. When one of the heirs is a minor, the heirs of age cannot be put in possession, unconditionally, of their shares or portion of the estate, until a partition is effected. C. C. 1047; 30 An. 389; 30 An. 807; 3 An. 502; Succession Therese Baumgarden, 35 An., N. R.

2. A succession is a unity. It cannot exist as to one heir, and be extinct as to another heir. To terminate the existence of a succession the heirs must all be *sui juris*, and have the capacity to render themselves liable for the succession debts. This a minor cannot do. C. C. 1047; 30 An. 389, 807.

3. When the succession consists of the community which existed between the deceased husband and wife, and is in possession of the testamentary executors of one of the deceased spouses, the heirs claiming such succession cannot, where there are debts and legacies, be put in possession on an *ex parte* order or judgment, but must proceed by petition and citation to the executors. C. P. 1000, 1001, 1002, 1003, 1004; 4 R. 283; 6 R. 9; 11 An. 611; 18 An. 156. ·

*J. Ad. Rozier, V. J. Rozier* and *L. L. Levy, contra.*

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. Three of the major heirs of N. A. Baumgarden obtained an order from the Civil District of New Orleans putting them in possession of the succession of the deceased.

The executors of the last will of Mrs. Therese Baumgarden, the wife of said decedent, and who died after him, and the tutor of the minor child of said decedents, have appealed from this order or judgment.

There is a motion to dismiss their appeal on substantially the following grounds:

1. That the parties have no appealable interest.

2. That the appellees have not been cited, and that the appellants, as third parties, could not appeal by motion, but only by petition.

3. That the bond of appeal was insufficient in amount for a suspensive appeal.

*First.* C. P. Art. 571 provides: " The right of appeal is given not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment."

These appellants allege that they have been so aggrieved, and among the grounds of their appeal set forth in their petition therefor are, that the administration of the succession of Therese Baumgarden, of whose last will they are executors, involves that also of N. A. Baumgarden, the property comprising the successions being community property and undivided; that an administration is necessary, and that a succession cannot exist in part and be terminated in part at the same time.

The tutor of the minor heir complains of the major heirs being put in possession, and denies that the minor heir can be put in possession until there is an administration.

Some of these facts are shown by the allegations and admissions of the appellees in their petition to be put in possession of the estate. We think the appealable interest is sufficiently shown.

*Second.* There was no need of a citation, since the appeal was taken by motion in open court, and there is no provision of law limiting third parties to appeal by petition alone. The cases cited to support such a proposition, 21 An. 755, 33 An. 484, were cases where the appeals had been taken by petition and no citations had issued, but they do not negative the right of such parties to appeal by motion.

*Third.* The bond was fixed by the Judge, and properly so. It was not a suspensive appeal from a moneyed judgment nor from a judgment concerning the title to property yielding a revenue, but one where the amount of the bond was a matter for the discretion of the Judge.

Some of the reasons urged by the appellees' counsel for the dismissal would require an investigation of the facts on the merits, and where such is the case the appeal will not be dismissed. Baker vs. Frellsen, 32 An. 882.

The motion to dismiss is, therefore, denied.

---

## ON THE MERITS.

Nicholas A. Baumgarden died in New Orleans on the 23d of April,

intestate, leaving four children and heirs, three of whom were majors and one minor.

On the 18th of January, 1883, a judgment was rendered on the petition of the major heirs, recognizing them, together with the minor, as the sole heirs of their deceased father, and putting the said major heirs, to the extent of their interest, in possession of his estate.

From this judgment the executors of Mrs. Therese Baumgarden, wife of said decedent, who died subsequently to her husband, and the tutor of the minor heir, have appealed.

They make the following complaint of said judgment :

1.   That it was rendered *ex parte* and without citation to them.

2.   That one of the heirs being a minor, the heirs of age could not take possession until there was an administration and partition.

3.   That there are debts due by said succession, and the minor cannot be made liable in this manner for her virile share.

4.   That an administration is necessary ; that the said succession cannot exist in part and be terminated in part at the same time.

5.   That the succession of Mrs. Therese Baumgarden is a creditor of the succession of her husband, and the minor opposes the heirs of age going into possession until the said debt has been paid.

6.   That the administration of one succession involves both.

We do not deem it necessary to go over and discuss *seriatim* these several grounds on which the appeal is based, but will consider them *in globo*.

There is no creditor or heir of age before us demanding an administration of the succession of N. A. Baumgarden, nor is such demand made on the part of the tutor of the minor heir; and in the absence of such demand, as a general rule, the heirs of age are entitled to be put in possession.

Nor can we recognize the right of these appellants to oppose such claim on the part of the heirs of age, for the reason that the property, of which they seek to be put in possession, belongs in part and indivision to the succession of their deceased mother, represented by the executors of her last will, the appellants herein; the said property being community property, having been acquired during the marriage the deceased spouses.

The executors of the wife cannot claim rights over this joint property, as to its possession and administration, superior to the heirs and legal representatives of the husband.

When N. A. Baumgarden, the husband, died, the title to one-half of the community property became vested in his heirs, and the other half in his wife who survived him, subject to the payment of the commu-

nity debts.    Tudgwell vs. Tugwell, 32 An. 848; Succession of Clark, 33 An. 584.

The testamentary executors of Mrs. Baumgarden cannot demand more than could Mrs. Baumgarden herself, were she living.    They cannot claim exclusive possession, administration and control of the property, by right of representing her, and refuse all right thereto on the part of the husband's heirs.

There is no evidence before us of the existence of any community debts.    We have to decide the case on the face of the papers.    The heirs aver that there are no debts.    The executors allege that there are debts, but we gather from the pleadings and argument that the only indebtedness (if any) is what is owing by the succession of the husband to that of the wife.    Such a debt would not of itself necessitate an administration of either succession, inasmuch as the four children of the deceased are the heirs to both successions, and all matters pertaining thereto, both as to debts and legacies, could be adjusted in a final partition.

If the effect of our decree should establish a joint possession of the undivided property in the heirs of the husband and the executors of the wife, the confusion that might result therefrom could be speedily ended by a partition, to the making of which we can discover no legal obstacle.

We do not perceive that the right of these heirs to be put in possession of their father's estate, in proportion to their interest therein, is affected by the fact that there is a minor heir, whose tutor makes opposition thereto.    Such a step on the part of the heirs of age, whether the minor or his tutor joins with them in that possession or not, cannot affect the liability of the minor for the debts of the succession, if such debts exist, as suggested, since a minor can only accept a succession with the benefit of inventory, and can in no event incur a liability beyond his interest or share in the succession.

The case falls largely within the principles determined in Soye vs. Price, 30 An. 93.

We do not understand that there is any claim made on the part of the tutor of the minor heir for the appointment of an administrator to the succession of N. A. Baumgarden.

For these reasons, we cannot conclude that the appellants are in any manner aggrieved by the judgment appealed from, and said judgment is, therefore, affirmed with costs.

Rehearing refused.