OVERTON, J.
 

 George D. Zibilich recovered judgment on April 20, 1923, against Prank Rouseo for $7,000, with interest and attorney’s fees, and with recognition of his right of pledge on four mortgage notes, executed by Rouseo, and delivered by. him to Zibilich, to secure the indebtedness upon which the judgment was procured. Zibilich, in July, 1923, transferred’ the judgment, procured by him, to Dominick C. Zibilich and Joseph G. Zibilich, by notarial act, for a recited cash consideration of $8,350. In August, 1923, the transferees of said judgment caused execution to issue thereon, and seized and advertised for sale the four mortgage notes, given in pledge. Rouseo, on the day of sale, sued out a writ of injunction, enjoining the sale of said notes, on the following grounds, to wit:
 

 (1) That the advertisement for the sale of said notes, and all proceedings leading thereto, are illegal, null and void; (2) that said advertisement is being made in the name and at the presumed instance of Dominick C. Zibilich and Joseph George Zibilich, who claim to be the assignees of George D. Zibilich'; (3) that no writ has ever issued in favor of said Dominick O. Zibilich' and Joseph G. Zibilich, nor has petitioner been notified that said George D. Zibilich- ever assigned any claims against your petitioner to the said Dominick C. Zibilich and Joseph G. Zibilich; (4) that no seizure of the notes described in said advertisement has been made; (5) that the sheriff does not hold in his hands a valid or legal writ of fieri facias; (6) that “the advertisement appeared for the first time on October 3, 1923, and the sale is advertised to take place on October 13, 1923, and said advertisement is not in the manner and form, and for the time provided by law;” (7) that the law does not authorize the sale of the notes, given in pledge, in the manner attempted, and that defendants in injunction, if they had any right to proceed on the notes, should have proceeded either via ordinaria or via executiva; (8) that the alleged assignees of said notes are .without right, title, or interest in the same; (9) that said notes were never delivered or transferred to the assignees; (10) that at no time did said assignees pay anything to George D. Zibilich for said notes; (11) that George D. Zibilich was without right to assign said notes, for the reason that the judgment he obtained against petitioner for injunction, recognizing his pledge on said notes, had been extinguished by compensation.
 

 Rouseo, the petitioner for injunction, then sets out that George D. Zibilich, who made the foregoing assignment, is indebted to him in the sum of $53,390, with interest and attorney’s fees, and that the purported assignment made by George D. Zibilich is nothing but an attempt to enable said Zibilich to evade the payment of the amount, which is
 
 *941
 
 clue and owing plaintiff in injunction, and is therefore a fraud. Rouseo then sets out the origin of said indebtedness, and the fact that the indebtedness is evidenced by promissory notes. 1-Ie alleges that he erected, at the request of George JD. Zibilich, and under plans and specifications furnished by the latter, a building to be used as a theater; that on April 6, 1921, he leased the building to Zibilich for a period of 15 years; that, to represent the rent due and to become due on the property leased,' Zibilich executed in his, Rouseo’s favor, and delivered to Rouseo 16 promissory notes, each for the sum of $4,080, except the last note, which is for the sum of .$350; that the first and second of said notes were paid at maturity, but that the third was not, paid at maturity; and, as one of said notes, the third one, was not paid at maturity, the failure to pay it, by virtue of a stipulation in the contract of lease to that effect, matured all of the remaining notes. Rouseo then pleads the remaining notes in compensation against the judgment obtained by George D. Zibilich, up to the amount of that judgment, and for the balance asks for judgment against Zibilich.
 

 The three Zibilichs were made defendants in the injunction suit. They moved to dissolve the injunction, for the reason that all of the grounds alleged for the issuance of the writ disclose no cause or right of action, and they moved to dissolve it for another reason, which we find unnecessary to mention. They pray that the writ be dissolved, and that they be awarded judgment against Rouseo and his surety on the injunction bond for $1,500 attorney’s fees, and $27.40, the cost of advertising the property for sale. They also filed, in the alternative, should their exception of no cause of action be overruled, a motion to strike from the petition for injunction the plea in compensation, on the ground that the notes pleaded in compensation are not liquidated, for the reason that there is pending in the civil district court for the parish of Orleans, division E, and was pending prior to the institution of the present suit, a suit to cancel the notes, pleaded in compensation herein, on the ground that the premises leased had been closed by the fire marshal, because of Rouseo’s noncompliance with the requirements imposed upon him by law, and further because the ■ filing of the plea in compensation herein and the suit to cancel said notes make-two causes, pending between the same parties, and involving the same issue; and, therefore, that the plea in compensation should be dismissed, as constituting lis pen-dens.
 

 The trial court overruled the motion to dissolve, which motion, as we have said, includes the exception of no cause of action, though the court, in effect, sustained the motion to strike the plea of compensation from the record by its rulings on the admissibility of evidence on the trial of the ease. Defendants filed their answer. On the merits the court rendered judgment, perpetuating the injunction on the sixth ground, alleged in the petition; that is, on the ground relative to the advertisement of the property for sale.
 

 Rouseo, the plaintiff in injunction, has appealed, and the defendants in injunction have answered the appeal, praying that the judgment be amended by sustaining the motions and exceptions filed by them, and by allowing them damages as prayed for.
 

 Opinion.
 

 We shall consider first the motion to dissolve the injunction on the ground that the allegations for the issuance of the writ disclose no cause of action. In considering the motion, we may say at the outset that the pleader, in setting forth his grounds for relief by injunction, should allege ultimate facts, justifying the issuance of the writ in
 
 *943
 
 stead of'alleging mere conclusions of law; for the alleging of mere conclusions of law does not meet the requirements of pleading. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Coquenham v. Avoca Drainage District, 130 La. 323, 57 So. 989. Hence, applying this principle, we find that the first ground set forth for the issuance of the writ, if it be intended as a ground—that is, the one that “the advertisement of said notes and all proceedings leading thereto are illegal, null and void”—is not pleaded in such a manner as to have authorized the issuance of the writ, for the allegation setting forth the ground states a mere conclusion of law. Likewise, the allegation that the sheriff does not hold in his hands a valid or legal writ of fieri facias is the mere statement of a legal conclusion, not accompanied by an allegation showing the ultimate facts upon which the conclusion is based, and hence is insufficient-Ty pleaded to have authorized the issuance of the writ of injunction. See Hart Land & Improvement Co. v. Kelly’s Heirs, 145 La. 349, 82 So. 366.
 

 The allegations constituting the second ground for the issuance of the writ and the first part of the third ground, that the notes seized are being advertised for sale in the name of parties who claim to be assignees of the judgment creditor, and that no writ ever issued in the names of the assignees, while setting forth ultimate facts, and' not • merely legal conclusions, yet are insufficient for another reason to have authorized the issuance of the injunction. These allegations are insufficient, because a judgment after its transfer may be executed in the transferor’s name. Walker v. Villavaso, 26 La. Ann. 42. Hence it is immaterial that the writ, which was .issued for the purpose of executing the judgment, was issued in the name of the .judgment creditor, after the transfer of the .judgment, without showing that it was issued at the instance of the assignees. Like-i wise, we think, that a judgment, after its transfer, may be executed in the name of the transferee. Hebert v. Doussan, 8 La. Ann. 267. It is therefore immaterial that no writ issued in the name of the assignees, but presumptively only in the name of the assignor, yet, at the same time, that the property was advertised for sale in the name of parties claiming to be assignees of the judgment creditor.
 

 Nor did the fact that plaintiff was never notified of the assignment of the judgment constitute a ground for the issuance of the injunction. The only effect of the failure to give such notice, as between plaintiff in injunction and the parties to the assignment, was that, had plaintiff paid the judgment to the assignor, the payment would have been valid, notwithstanding the assignment, or had plaintiff owned a claim, compensable against the judgment, compensation would have taken place, notwithstanding the transfer. Civil Code, arts. 2644, 2207, 2212.
 

 The allegation that no seizure of the notes described in the advertisement was ©ver made; which constitutes the fourth ground alleged, did not justify the issuance of the injunction. Calderwood v. Prevost, 9 Rob. 182.
 

 The next ground to be considered is that the advertisement appeared for the first time on October 3, 1923, the sale being advertised to take place on October 13, 1923, and that said advertisement is not in the manner and form and for the time prescribed by law. With reference to the latter part' Of this allegation, while that part sets forth only conclusions of law, still the allegation as a whole contains statements of fact, and, we think, fairly conveys the idea that a sale of promissory notes advertised for the first time on October 3, 1923, to take place on the 13th of that month and year, cannot be held on' the day advertised, for the reason that the sale is advertised to take place prema
 
 *945
 
 turely, and lienee that the publicity which the sale is supposed to obtain from the advertisements will, to some extent, be lessened. If this ground is well founded in law, it then appears that the sheriff was proceeding with the execution of the judgment in a manner contrary to law, -which was sufficient to entitle plaintiff to the issuance of the injunction. Code of Practice, par. 10, art. 297.
 

 Taking the ground, relative to advertisements, up for consideration, we find that article 670 of the Code of Practice provides that:
 

 “The sale of movable effects can only be made ten days after the first notice which has been given, and that of ships, steamboats and immovables, only thirty days after the same notice.”
 

 Act 104 of 1878, p. 157, relative to judicial advertisements in 'the parish of Orleans, provides:
 

 “That judicial advertisements shall be made by publication in a daily paper on three different days before the expiration of the term fixed by law, if the term be of ten days; and for those advertisements for which the term of thirty days is fixed, it suffices if they are published in a daily paper once a week during that term.”
 

 , Act 33 of 1916, p. 64, provides:
 

 “That all judicial sales -by public auction or otherwise, required by law or by an order of court to be advertised in a newspaper, may be published either in a morning or afternoon newspaper, provided that when such advertisement is published in an afternoon newspaper, said advertisement shall be'legal if the last advertisement shall be in an issue of said afternoon newspaper of the day last immediately preceding the day of sale.”
 

 While the acts of 1878 and 1916 repeal all laws or parts of laws in conflict with them, yet they contain nothing which shortens or affects the time prescribed by article 670 of the Code of Practice at which judicial sales may be made after the first advertisement.
 

 In construing article 670 of the Code of Practice, this court has held that the day on which the firsf advertisement is inserted in the paper and the day on which the sale is to be held must be excluded in computing the 30-day period prescribed in the article. McDonough v. Gravier’s Curator, 9 La. 531, on page 545. The rule laid down in that case was cited approvingly in the case of Schenck v. Schenck, 52 La. Ann. 2102, 28 So. 302, and, in our view, is still in force, and is equally applicable in computing the 10-day period prescribed by the same article of the Code of Practice. Hence, as the law is that the day on which the first advertisement appears and the day on which the sale is to be held must be excluded in computing the 10-day period, it follows that a sale advertised for the first time on'October 3d to take place on October 13th is advertised to take place prematurely; and, therefore, plaintiff, in setting .forth this ground for an injunction, shows a cause for the issuance of the writ.
 

 We now reach the -seventh ground for the issuance of the injunction; that is, the one that' there is no law authorizing the sale of promissory notes given in pledge in order to satisfy the judgment which evidences the debt for which the notes were pledged, and that the procedure in such a case, instead of being by seizure and sale of the notes, is by an action upon them to recover their amount.
 

 In our view this ground is not well taken. While it is true that a judgment creditor or his transferee may sue upon notes which he holds in pledge, and may apply the amount collected to the payment of the judgment for which the notes stand pledged, still he also may seize and sell the notes to satisfy his judgment. This is so, because all of a debtor’s property may be seized and sold to satisfy a judgment against him, save that which is made exempt from seizure and sale by law, and promissory notes, even in the hands of the pledgee are not exempt, and, moreover, because the mere fact that the notes are held in pledge, does not of itself, in the absence of any stipulation in the pledge to that effect, limit the pledgee to the sole
 
 *947
 
 remedy of a suit on the notes. Friedlander v. Schmalinski, 35 La. Ann. 528.
 

 The next grounds for injunction to be considered are the eighth, ninth, and tenth, which, as we have seen, are to the effect that the assignees, Dominick O. and Joseph G. Zibilich, paid no consideration for said notes; that the notes were never transferred or delivered to them; and that they are without right or title thereto, or interest therein.
 

 As the notes were given to George D. Zibilich. to secure the payment of the debt that was later reduced to judgment, the notes are presumed to have passed as security for the payment of the judgment by the transfer of the judgment itself, and hence, to have still remained the property of Rouseo, notwithstanding the transfer, subject to the payment of the pledge; and it is evidently because of Rouseo’s interest in the notes that the assignees have seized and attempted
 
 to
 
 sell them. However, what plaintiff evidently intends, in view of the next ground urged for the injunction, is that the transfer of the judgment, itself, is a simulation, and therefore he alleges the simulation, in order to set aside the transfer of the judgment, should the transfer stand in his way, this for the purpose of enabling him to plead the claim which he has against George D. Zibilich, the transferor, in compensation against said judgment, which he could not do without showing the nullity of said transfer, at least, in the event it appeared on the trial that he was notified of said transfer before his claim became demandable. So viewed, the value of these allegations depend upon whether plaintiff in injunction has a claim against George D. Zibilich, the transferor of the judgment, which he may plead in compensation against the judgment, if its transfer be set aside. We can conceive of no other reason that plaintiff has in raising, in this suit, the question of the simulation vel lion of that transfer. We shall next consider, therefore, the claim that plaintiff desires to plead in compensation against that judgment, which claim is set forth in the next or eleventh ground for the injunction.
 

 From the statement already made of the eleventh ground for the injunction, it appears that the claim that plaintiff has which he contends has extinguished said judgment, and which he pleads, in so far as is necessary, in compensation against it, is one for $53,390 with interest and attorney’s fees, and it also appears from said statement that said alleged indebtedness is evidenced by 14 promissory notes; that said 14 notes form part of a series of 16, executed by George D. Zibilich for rent due and to become due, given as consideration for a contract of lease, entered into on April 6, 1921, and covering a period of 15 years, for the use of a building, the building having been erected by plaintiff for the puipose of leasing it as a theater to said Zibilich; that the first two of the 16 notes given were paid at maturity; that the third was not paid when it fell due; that by virtue of a stipulation in the contract of lease, the failure to pay any one of said notes at maturity caused all of the remaining notes to fall due, and hence that all of the notes remaining are due and demandable.
 

 While plaintiff refers to the notes as having been given for rent due and to become due, yet we think that the further allegation that the building, for the lease of which the notes were given, was erected by plaintiff, for the purpose of leasing it to Zibilich, shows that, when the notes were given, as a matter of fact, the consideration for them was yet to be realized, and that no one of the notes was given for rent that had been enjoyed, but that all were given for rent to be enjoyed. But, if we give all possible effect to the word “due” in the phrase “for rent due and to become due,” and hold that some part of the rent was due and owing when the notes were given, still it does not appear
 
 *949
 
 what part of the rent was then due, and as pleadings are strictly construed against the pleader, the presumption is that the remaining 14 notes, the first of which did not mature until S years after the execution of the lease, were given for rent to toe enjoyed. Hence, from every standpoint, it may be said that it appears from the allegations of plaintiff’s petition that the consideration for the notes, still outstanding, at the time they were given, was yet to be realized by Zibilich, their maker, or, in other words, it appears that when Zibilich gave the notes, still outstanding, as part of the .consideration for the lease, he had not yet enjoyed the property for the period covered by any one of them. The question therefore is, May notes given for a consideration yet to be'realized, or as consideration for an executory contract, be pleaded in compensation, upon their maturity, against a judgment?
 

 Article 2209 of the Civil Code provides that—
 

 “Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. * * * ”
 

 From the foregoing article it must appear that the two debts are equally liquidated and demandable for compensation to take place.
 

 A debt is said to be liquidated “when it is certain what is due and how much is due.” Black’s Law Dictionary.
 

 The position of plaintiff in injunction is that he has the right to plead, in so far as it is necessary, the notes given by Zibilich to him, in compensation against the judgment, sought to be executed, for the reason that each note evidences a promise to pay a fixed sum of money at a fixed time, and is therefore liquidated as to amount, and hence may be pleaded against the judgment obtained by Zibilich against him; the, judgment having been obtained before the indebtedness evidenced by said notes became demandable.
 

 While it is true that each note evidences a promise to pay a fixed sum of mon-. ey, yet, as between the maker and the payee, the obligation to pay each may be said to be subject to the terms and conditions of the contract under which the notes were given. As that contract was an executory one, it cannot be said that the notes imported, as between the maker and the payee, a promise to pay an amount which was acknowledged to be due at the time they were given, but rather a promise to pay an amount which it was expected would fall due under the contract. Hence, when the date of maturity of the third note arrived, which is the first one of the series pleaded in compensation in this case, it cannot be said with certainty, from the mere promise to pay, that the consideration, which was the enjoyment of the property for which the note was given, was ever realized by the maker; and, therefore, it cannot be said with certainty whether the obligation of the maker to pay the payee the amount, or any part of it, stated in the note, ever came into existence. As the maturity of.the remaining notes, at the time the demand in compensation was filed, was dependent upon whether or not Zibilich was justified in not paying the third note at maturity, it cannot be said with certainty whether they were demandable, when the injunction issued and the plea in compensation was filed, or whether under the terms of the contract the obligation
 
 to
 
 pay them ever in reality arose. On the other hand it is certain that the amount for which a judgment is rendered is due, and the debtor cannot go behind the judgment, as he may with respect to a promissory note, to show that only a part or none of the indebtedness recognized by or stated in it ever arose, and is therefore not due,. Hence, in our view, tjie notes pleaded in compensation are not equally liquidated . with
 
 *951
 
 the judgment against which they are pleaded, and hence cannot be pleaded against it. The tender of the plea, therefore, did not justify the issuance of the injunction. See, as touching the question, Lacoste v. Bordere, 7 Mart. (N. S.) 516; Goldman v. Goldman & Masur, 47 La. Ann. 1463, 17 So. 881.
 

 Erom the foregoing, our conclusion is that the only ground set forth by plaintiff, showing a cause for the issuance of an injunction, is the one relative to the advertisement; and, as that ground sets forth such a cause, the trial court was justified in overruling the motion to dissolve the writ.
 

 The motion to strike out the plea of compensation, stated in the foregoing part of this opinion, was tried at the same time that the case was tried on its merits. The evidence 'offered under the motion shows that, prior to the issuance of the injunction herein, George D. ¿ibilich, the maker of the notes pleaded in compensation, instituted a suit against Rouseo, the plaintiff in injunction, to rescind the lease, as consideration for which the notes were given, on the ground that the building rented had been constructed and leased as a theater, and that the fire marshal had prohibited its use, and had closed it as' a theater; that Rouseo answered the suit, and prayed for judgment in reconvention against Zibilich for the full amount of the notes pleaded in compensation and sued on herein, which suit was still pending at the time of the trial of this case. While the minutes of court show that the motion to strike out was overruled, yet the rulings of the court, made on the admissibility of evidence, on the trial of the case on the merits, virtually maintain the motion. The views expressed by us, relative to this plea, in passing on the motion to dissolve the injunction, make it unneces'sary for us to pass on the present motion.
 

 The only evidence offered on the merits, which may be considered as entitling plaintiff, under the law, to the perpetuation of the injunction, is the evidence relative to the advertisement for the sale of the notes seized. One copy of the advertisement was offered in evidence. At the bottom pf thife advertisement appears the notation, “October 3, 8, 13.” There is no evidence showing that this notation means that the advertisements were to appear on those dates, or that they did appear thereon, although it was probably because of this notation that plaintiff was misled into alleging that the first advertisement appeared on October 3d. As a matter of fact, the evidence discloses that the first advertisement appeared on October 2d, the sale to take place on October 13th. It therefore appears that 10 days intervened between the first advertisement and the day on which the sale was advertised to take place, which, under article 670 of the Code of Practice, was the allowance of sufficient time between the first advertisement and the day of sale, and therefore it appears that the sale, in reality, was not advertised to take place prematurely, and hence that the only ground for the issuance of the injunction, which, properly speaking, was well pleaded and sufficient to have authorized its issuance, is not well founded in fact. However, as we have seen, defendant has also alleged that the sale was not advertised in the manner and for the time required by law. While, as we have held, this allegation, is the mere statement of a conclusion of law, still plaintiff has offered evidence, under it, to show the specific dates on which the notes were advertised for sale. There was no specific objection made to its introduction at the time the evidence was offered and we find no general objection covering the admissibility of this particular evidence. There is no complaint made in this court as to its reception. Under the circumstances, we think that we should view its reception, without objection, covering its admissibility, as curing the defect in the allegation. So viewing
 
 *953
 
 the matter, we may say that it appears from the evidence offered, that the advertisement of sale appeared on October 2, 6, and 13, 4923. While, therefore, 10 days intervened between the first advertisement and the day on which the sale was advertised to be held, yet the advertisement did not appear three times within 10 days, which we think is required, in the parish of Orleans, by Act 104 of 1ST8, quoted supra, which regulates such advertisements. We therefore think that the injunction should be perpetuated on that ground.
 

 Plaintiff has asked us in the event that we find that he cannot plead the notes which he holds against Zibilich in compensation against the judgment, which Zibilich is seeking to execute against him, then that we perpetuate the injunction, staying the execution of that judgment until such time as is required to obtain judgment upon those notes, so that one judgment may offset pro tanto the other. Assuming that plaintiff’s petition is sufficient to grant such relief, should the law permit it to be granted, still we are of the opinion that the law does not sanction the staying 'of the execution of a judgment for that purpose. The very fact that the law does not permit a claim, which is not equally liquidated with a judgment, to be pleaded in compensation against it, shows that it does not contemplate that the execution of the judgment may be enjoined until the claim which cannot be pleaded in compensation against it may be placed in such form that it may be so pleaded. In fact, the moment a judgment becomes executory the law contemplates that so long as it remains in existence it may be executed. We are not of the opinion that the decisions cited by plaintiff are applicable to the position here assumed by him.
 

 As we have seen, plaintiff has not only pleaded the amount of the notes held by him in compensation against the judgment procured by George D. Zibilich, to the extent necessary to extinguish that judgment, but has asked for judgment against him for the balance of that amount. However, as the validity of the claim evidenced by those notes is in contest, and as the evidence on that subject is not before us, we are in no position to render judgment without running the risk of doing a gross injustice. Moreover, it is possible that by this time the demand for judgment on these notes has been disposed of in the suit to annul the lease.
 

 As the judgment rendered by the trial court is silent as to plaintiff’s demand for judgment on said notes, it is susceptible of the construction that the demand has been rejected. For that reason the judgment should be amended so as to preserve plaintiff’s rights with respect to those notes.
 

 For the reasons assigned the judgment appealed from is amended so as to preserve such rights as plaintiff may have to continue with the prosecution of his reconventional demand on said notes in said suit to rescind said lease or to sue for judgment on them in another suit, and in all other respects the judgment appealed from is affirmed, appellant to pay the costs.
 

 O’NIELE, C. 4., dissents from the ruling that the first and third publication should have been less than 10 days apart.