(137 So. 199)

## MONTGOMERY v. BOUANCHAUD, Sheriff, et al.

### No. 31217.

July 17, 1931.

Albin Provosty, of New Roads, for appellants.

M. T. Hewes, of New Roads, for appellee.

BRUNOT, J.

This is an appeal from a judgment perpetuating a preliminary injunction restraining the sale of 101.28 acres of land, situated in Pointe Coupee parish, which the court decreed to be paraphernal property of the debtor's wife.

J. B. Camors & Co., Inc., were judgment creditors of T. W. Montgomery, the plaintiff's husband. In the liquidation of J. B. Camors & Co., Inc., the judgment against T. W. Montgomery was assigned to C. E. Roy. After acquiring the judgment, Roy caused a fieri facias to issue thereon, in the name of J. B. Camors & Co., Inc., and seized thereunder the property involved in this suit. It is the sale under this seizure that the judgment enjoins.

After the appeal was lodged in this court, the appellee discovered that Roy had caused the issuance of the fi. fa., and the seizure of the property without disclosing his ownership of the judgment, and for that reason filed the motion to dismiss the appeal, which is based upon the ground that the execution issued without the consent of J. B. Camors & Co., Inc.

In answer to this motion C. E. Roy sets forth his acquisition of the judgment by assignment from the liquidator of J. B. Camors & Co., Inc., and appellee, in her brief, says: "The answer of C. E. Roy to the motion to dismiss appeal being considered, mover now formally withdraws and retracts the allegations that the writ of fi. fa. originally issued without the consent of J. B. Camors & Co."

The transferee of a judgment may cause it to be executed in the name of the original judgment creditor. Zibilich v. Rouseo, 157 La. 936, 103 So. 269; Walker v. Villavaso, 26 La. Ann. 42; Blondin v. Christophe, 13 La. Ann. 325; Hebert v. Dousson, 8 La. Ann. 267.

For the foregoing reasons, the motion to dismiss the appeal is overruled.