**157 So. 726**

**ALLIANCE TRUST CO., Limited, v. STREATER et al.**

**No. 33066.**

Oct. 29, 1934.

Modisette & Adams, of Jennings, for appellant.

McCoy, Moss & King, of Lake Charles, for appellee Streater Inv. Co.

LAND, Justice.

In April, 1933, plaintiff, alleging itself to be a creditor of Winfield S. Streater and the Paggi-Streater Company, Inc., of Calcasieu Parish, La., and of J. B. Streater and Charles Paggi, residents of Beaumont, Tex., instituted this suit to recover judgment in solido against its alleged debtors in excess of $6,000, with interest and attorneys' fees.

Plaintiff also sought to have revoked and set aside a conventional mortgage in the sum of $4,000, executed by Winfield S. Streater upon a lot in the city of Lake Charles on December 16, 1930, to the Standard Bond & Mortgage Company, and on the same day duly inscribed in the mortgage records of Calcasieu parish; also a sale on March 3, 1931, from Winfield S. Streater to the Streater Investment Corporation, duly inscribed on the same day in the conveyance records of Calcasieu parish; also a mortgage in the sum of $1,500 from the Streater Investment Corporation to A. J. Ward of July 5, 1931, duly inscribed in the mortgage records of Calcasieu parish; also a mortgage from the Streater Investment Corporation to Leland H. Moss, in the sum of $3,500 of November 12, 1931, duly inscribed on the same day in the mortgage records of Calcasieu parish.

Each of the three mortgages rested upon separate pieces of property, but all three pieces were included in the sale from Winfield S. Streater to the Streater Investment Corporation of March 3, 1931.

While this suit was pending in the district court, Leland H. Moss departed this life, and his widow, Mrs. Mattie S. Moss, and his only forced heir, Mrs. Marjorie Taliaferro, were made parties defendant in his stead.

The Standard Bond & Mortgage Company, Guy F. Streater, Mrs. Elizabeth Streater, Carter Earhart, Kenneth Streater, and the estate of A. J. Ward were made parties defendant, but the suit as to Guy F. Streater and Kenneth Streater, absentees, was dis-

missed upon an exception of jurisdiction. Plaintiff failed to obtain citations on either J. B. Streater or Charles Paggi, absentees, and they made no appearance.

Upon trial, plaintiff obtained judgment against Winfield S. Streater and the Paggi-Streater Company, Inc., in solido, for the amount sued for, but plaintiff's action was dismissed as to all other defendants.

While plaintiff's motion for a new trial was pending in the district court, Winfield S. Streater filed a petition of voluntary bankruptcy, upon which he was adjudged a bankrupt on April 20, 1934, and at the first meeting of creditors on May 25, 1934, Terrell Woosley of Lake Charles was duly elected Trustee of the bankrupt estate. Subsequent thereto, plaintiff's motion for a new trial was overruled, and it procured an order for an appeal and filed the transcript in this court.

The trustee for the bankrupt made no appearance in the lower court.

Defendants, appellees, have moved to dismiss the appeal in this case on the ground that Winfield S. Streater was adjudged a bankrupt by the United States District Court, sitting in the Western District of Louisiana; that at the first meeting of the creditors of Winfield S. Streater, held before the referee in bankruptcy on May 25, 1934, Terrell Woosley was duly elected trustee of the bankrupt estate; and that, under section 70e of the Bankruptcy Act of 1898, as amended by Act Feb. 5, 1903, § 16 (11 USCA § 110(e), the trustee was vested with the power and authority to "avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication."

Defendants, appellees, represent that the appeal herein is being prosecuted solely and exclusively by plaintiff, whose right of action to prosecute this suit further was, by the effect of law, subrogated to and vested solely and exclusively in Terrell Woosley, trustee, prior to obtaining the order of appeal herein. Defendants, appellees, further represent that the trustee has not obtained an order for an appeal, or taken any steps to prosecute this litigation or stand in judgment, and that the judgment of this court, if jurisdiction is entertained, will not be res adjudicata as to the only party who now has the legal right to prosecute an appeal or stand in judgment.

The motion to dismiss the appeal on above grounds was filed here by three of the defendants, appellees, on August 14, 1934, and on August 17, 1934, the fourth defendant, appellee, filed a motion to dismiss the appeal on the same grounds.

On August 22, 1934, appellant, the Alliance Trust Company, Limited, applied to and obtained an order from this court that the trustee in bankruptcy of Winfield S. Streater, bankrupt, one of the judgment debtors, be made a party herein and cited and ordered to appear and answer this appeal.

On September 24, 1934, the trustee in bankruptcy appeared in this court, and moved to dismiss the appeal in so far as it seeks to recover judgment against the defendants Streater Investment Corporation, Standard Bond & Mortgage Company, estate of A. J. Ward, Carter Earhart, Mrs. Mattie S. Moss, Mrs. Marjorie Taliaferro, succession of Ed-

ward S. Streater, Guy Streater, and Mrs. Elizabeth Streater, or any one of them.

As the trustee in bankruptcy has been made a party to this suit, we have all the necessary parties before us.

The trustee in bankruptcy moves to dismiss the appeal upon the following grounds:

"1. Appearer alleges that under the provisions of sub-head (b), Sec. 67 of the bankrupt act [11 USCA § 107(b)], he is subrogated to all the rights of action formerly enjoyed by plaintiff, or any of the creditors of the bankrupt, to revoke and set aside any mortgages, sales, pledges or other transactions entered into by the bankrupt, that were voidable under the state law, as provided in sub-head (e), Sec. 70 of the bankrupt act, and hereby exercises and asserts such rights as are conferred upon and vested in him under said sections.

"2. Appearer alleges that the only right of action alleged by plaintiff and appellant against the Streater Investment Corporation, the Standard Bond & Mortgage Co., the Estate of A. J. Ward, Carter Earhart, Mrs. Mattie S. Moss, Mrs. Marjorie Taliaferro, Mrs. Elizabeth Streater, the Succession of Edward S. Streater and Guy Streater, or either of them, are rights to revoke and set aside alleged transactions of Winfield S. Streater as being violative of certain articles of the Civil Code: being the class of actions described and referred to in sub-head (e), Sec. 70 of the bankrupt act, which as a result of Winfield S. Streater's adjudication as a bankrupt, was subrogated to appearer by sub-head (b), Sec. 67 of the bankrupt act.

"3. Appearer denies that plaintiff alleges any privilege in its original, or any of its four supplemental petitions, except such as would result from a judgment revoking and setting aside one or more of the transactions entered into by Winfield S. Streater described therein. Appearer denies that the mere institution of such suit creates a privilege in favor of plaintiff, as at any time prior to a judgment therein, any creditor of Winfield S. Streater could have intervened therein, and enjoyed equal rights in any property recovered as a result thereof.

"4. That the judgment appealed from dismissed all of plaintiff's revocatory demands; therefore, the adjudication of bankruptcy subrogated your appearer to all rights to further prosecute said litigation and stand in judgment which were formerly vested in plaintiff.

"5. Appearer alleges that at no place in appellant's original or four supplemental petitions, does it allege that its judgment in suit number 15639 entitled Alliance Trust Co., Ltd., v. Paggi-Streater Co. et al, referred to in Arts. 5 and 6 of the original petition (Tr. p. 8) was ever recorded in the mortgage records of Calcasieu Parish, being the parish in which the immovable property affected by this action is located; which recordation is a necessary prerequisite to the creation of a lien and privilege through judicial mortgage. C. C. 3322, 3329, 3342 and 3366. That plaintiff having failed to allege a privilege as judicial mortgagee, or to pray for recognition of such a privilege, its suit does not come under that class of cases that are exempt from subrogation granted in sub-head (b), Sec. 67 of the bankrupt act.

"6. Appearer alleges that he is the sole and only person at this time, authorized to

prosecute an appeal from the judgment of the district court in so far as it affects any judgment sought to be recovered against the mortgagees, vendees or pledgees of Winfield S. Streater, to revoke and set aside said mortgages, sales or pledges described therein.

"7. That being convinced it is decidedly to the benefit of the bankrupt estate that this litigation be terminated, he does hereby move to dismiss his appeal in so far as it seeks to recover judgment against the Streater Investment Corporation, Standard Bond & Mortgage Company, Estate of A. J. Ward, Carter Earhart, Mrs. Mattie S. Moss, Mrs. Marjorie Taliaferro, Succession of Edward S. Streater, Guy Streater and Mrs. Elizabeth Streater, or either of them.

"Wherefore, premises considered, appearer prays that he be made a party to these proceedings, and that, first reserving all rights as subrogee of plaintiff's rights of action, alleged or attempted to be alleged in its original and supplemental petitions, including the right to institute any suits attacking any of said transactions described therein, prays that its motion to dismiss this appeal be granted, and the appeal as to the parties named in paragraph seven hereof, and as to each of them, be dismissed; and for general relief."

■The appeal taken in this case cannot be dismissed on a motion based upon the alleged insufficiency of the allegations in the petition of plaintiff, as these are matters that relate to the merits. Walker v. Villavaso, 26 La. Ann. 42.

■ The other grounds of the motion also relate to the merits, as they require an examination into the pleadings and facts of the case, and an examination also into, and a construction of, the sections of the Bankruptcy Act cited, and of the articles of the Civil Code relied upon by the trustee. Succession of Baumgarden, 35 La. Ann. 676; Baker v. Frellsen, 32 La. Ann. 822.

The motion to dismiss the appeal does not pretend that there are any irregularities in bringing up the appeal and in citing appellees.

■ Motions to dismiss appeals should be based on alleged irregularities in the lower court, or in the appellate court, in the proceedings relating to the appeal, or on want of jurisdiction in one or both courts, and should contain nothing relating to the merits of the controversy, except for the purpose of illustration. Pasley v. McConnell, 39 La. Ann. 1097, 3 So. 484, 485.

There is no suggestion in the motion to dismiss by the trustee of want of jurisdiction either in this court or in the lower court, because of the adjudication in bankruptcy.

Motion to dismiss appeal is therefore overruled and denied.