Dear Ms. Morris:
A question has been raised concerning the effective date of amendments to the Louisiana Constitution which were recently adopted. The results of the October 21, 1995, election on the propositions were proclaimed by Governor Edwards on November 2, 1995.
Article XIII, Section 1, Paragraph C of the Louisiana Constitution, provides that:
 A proposed amendment ". . . shall become part of this constitution effective twenty days after the proclamation . . ." (Emphasis supplied).
Article 1702 of the Louisiana Code of Civil Procedure permits the confirmation of a judgment of default, ". . .after two days, exclusive of holidays, from the entry of the judgment of default." (Emphasis supplied). The source of Article 1702 was Article 312 of the Code of Practice.
In Evans v. Hamner, 209 La. 442, 24 So.2d 814, (La.Sup.Ct. 1946), a case involving Article 312, the Supreme Court was faced with the validity of a default judgment where a preliminary default judgment had been entered on Friday, March 25, 1938, and was confirmed on Tuesday, March 29, 1938. The court stated:
 ". . . Therefore two full legal days did not elapse between the date on which the preliminary default was entered, March 25, 1939 (sic), and the date on which the judgment by default was confirmed, March 29, 1938 . . ." (24 So.2d 815). (Emphasis supplied).
The court concluded that because Saturday was a half holiday and Sunday was a holiday, the confirmation on Tuesday was premature and therefore it was null. Thus, the decision stands for the proposition that the phrase "after two days" means that two full days must elapse from the day that the preliminary default judgment is entered and, the day that the default is confirmed. (Similar results were reached in Ziblich v.Rouseo 157 La. 936, 103 So. 269 (La.S.Ct. 1925).McDonough v. Gravier's Curator, 9 La. 531; McCartyv. McCarty, 19 La. 300; Tessier v. Jacobs, 113, So. 833, 164 La. 239, (La.Sup.Ct. 1927)). See also Code of Civil Procedure, Article 5059).
Applying the court's analysis to Article XIII, Section 1, the newly adopted amendments to the Louisiana constitution go into effect when twenty full days have elapsed after the date of promulgation of their adoption. In this instance, November 2, the date of promulgation, is not counted, the period of November 3, through November 22 must have elapsed in order to reach twenty days after the date of promulgation. Thus, the effective date of the constitutional amendments commences at the first instant of November 23, 1995. Article III, Section 19, Louisiana Constitution, in regard to the effective date of acts adopted at an extraordinary session of the Legislature provides:
 ". . . all laws enacted during an extraordinary session of the legislature shall take effect on the sixtieth day after final adjournment . . ." (Emphasis supplied).
A different result would be reached in determining the effective date of laws the constitution had provided "sixty days after final adjournment", instead of "on the sixtieth day after".
Prior opinions of this office are in conflict. In an opinion contained in The Report and Opinions of the AttorneyGeneral, 1932-1934, page 974, the author concluded that where the governor's proclamation was issued on November 19, 1932, December 10, 1932, was the effective date, which amounts to 20 full days. Contra: 1938-40 p. 471; 1940-42, p. 4026. Opinions 1944-46, p. 344; 1946-48, p. 487, do not give specific dates. A review of the decisions of courts of other states reflects that they are not consistent in their calculation of time when "days after" is used in a statute or contract. (See: Corpus Juris Secundum, Verbo, "Time").
In the case of Garland v. Town of Ville Platte,198 So.2d 451, (CCA-3rd Cir.) The court had before it the issue of the adoption of an annexation ordinance. LSA-R.S. 33:172
prohibited the adoption of such an ordinance ". . . until ten days after the publication of the notice . . ." of the filing of a petition seeking annexation. The court stated that the notice had been published on September 16, 1965, and the tenth day fell on Sunday, September 26, 1965. The parties conceded that the 10-day delay commenced to run on September 17, 1965, the day following the date of publication. The annexation ordinance was adopted on Monday, September 27, 1965.
The court reasoned that, as a general rule, when the last day of a time period, which exceeds seven days, falls on a Sunday, that day is excluded from the computation, citing Corpus Juris Secundum Verbo, "Time" and Louisiana Supreme Court decisions relative to liberative prescription. The court concluded that the purpose of the 10-day delay was to allow a period for an objection to be filed and a hearing to be conducted on the opposition to the annexation petition. The court held that because the tenth day fell on a holiday, Sunday, the adoption of the ordinance was invalid even though it had been adopted on the eleventh day, Monday, September 27, 1965.
This decision seems questionable when compared with cases involving confirmation of default judgments or execution of judgments, because in Garland the court did not construe the language to mean 10 full days . .
In view of the foregoing, it is our opinion that twenty full days must elapse after the day upon which the governor issues his proclamation before the newly adopted constitutional amendments become a part of the constitution.
The second question posed concerns the effective date of Act 828, Section 5, of which provides:
 Section 5. This Act shall take effect and become operative if and when the proposed amendment of Article XII, Section 10 of the Constitution of Louisiana contained in the Act which originated as House Bill 841 of this 1995 Regular Session of the Legislature is adopted at the gubernatorial primary election to be held in 1995 and becomes effective. (Emphasis supplied).
Consistent with our conclusions above, it is the opinion of this office that Act 828, relative to the limits of public liability, became both operative and effective when the amendment to Article XII, Section 10, of the Constitution became effective, the first instant of November 23, 1995.
Finally, we are asked to determine the effective date of Act 1180 relative to forced heirship. Section 5 of that act provides:
 Section 5. This Act shall become effective on January 1, 1996, but only if the proposed amendment of Article XII, Section 5 of the Constitution of Louisiana contained in the Act which originated as House Bill No 93 or Senate Bill No. 43 of this 1995 Regular Session of the Legislature is adopted at the gubernatorial primary election to be held in 1995 and becomes effective. (Emphasis supplied).
Article XIII, Section 3, of the Louisiana constitution provides that laws adopted in anticipation of the approval of a proposed constitutional amendment ". . . become operative when the proposed amendments have been ratified."
This poses a different question from the question relative to Act 828, because Section 5 of Act 1180 purports to delay the effectiveness of Act 1180 until January 1, 1996.
It is the opinion of this office that Article XIII, Section 3, in stating that an act of the legislature adopted in anticipation of the contingency that a proposed constitutional amendment may be ratified by the voters "becomes operative" merely means that the act becomes viable. Article III, Section19, of the Louisiana Constitution expressly authorizes the Legislature to specify an earlier or later effective date forany bill which it has adopted. We perceive a distinction between an act becoming "operative" and an act becoming "effective". An act may become law, i.e., be operative, but have a delayed effective date.
The Louisiana Legislature has all powers of legislation not denied it by the constitution. Bates v. Edwards,294 So.2d 534 (La.Sup.Ct. 1974). Accordingly, the legislature has the power to specify a later effective date for anticipatory legislation the viability of which is dependent upon the adoption of a constitutional amendment, and we do not view Article XIII, Section 3 as a limit upon legislative powers in regard to the effective dates of its acts.
We therefore conclude that Act 1180 became operative on November 23, 1995, with the effectiveness of the amendment to Article XII, Section 5, however; the effectiveness of Act 1180 is delayed until January 1, 1996.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams