LOTTINGER, Judge.
This is a suit by John E. Morgan, individually and as administrator of the estate of his minor children, Douglas Morgan, Eric Morgan, and Wayne Morgan, against Southwood Academy and South Tangi Educational System seeking an injunction enjoining the defendants from interfering with the attendance of the minor children at Southwood Academy and South Tangi Educational System; ordering the defendants to allow the minors to attend the defendant’s school system immediately; and enjoining South Tangi Educational System from interfering with plaintiff’s, John E. Morgan, rights and interests in the defendant corporation. From a judgment maintaining an exception of no right and no cause of action and dismissing plaintiff’s suit, plaintiff has appealed.
Plaintiff’s petition entitled “Petition for Injunctive Relief” reads in full as follows:
“PETITION FOR INJUCTIVE [sic] RELIEF”
“The petition of JOHN E. MORGAN, domiciled in Tangipahoa Parish, State of Louisiana, individually and appearing herein as the administrator of the estate of his minor children, respectfully says this:
I.
“Plaintiff is the father of DOUGLAS, ERIC and WAYNE MORGAN, who are the unemancipated minor children and legitimate issue of the marriage of petitioner and ARLENE STRAHAN.
II.
“Defendant, SOUTHWOOD ACADEMY, is a privite [sic] school located in Tangipa-hoa Parish at Yokum Road, Hammond, Louisiana.
III.
“Defendant, SOUTH TANGI EDUCATIONAL SYSTEM, is a domestic nonprofit corporation that owns and adminsters [sic] SOUTHWOOD ACADEMY.
IV.
“Plaintiff, JOHN E. MORGAN’S [sic] children, have been students in no other school than SOUTHWOOD ACADEMNY [sic] since the school year commencing in 1974, his daughter, KIM, being an alumna who graduated in 1978.
V.
“Plaintiff JOHN E. MORGAN’S other three (3) children for whom he is suing to enforce their rights, were all students in good standing at SOUTHWOOD ACADEMY for the school year 1977-1978. ERIC, DOUGLAS, and WAYNE, each successfully completed the prescribed courses for his respective grade level and were passed to the next grade for the school year 1978-1979.
VI.
“During the summer break, however, ERIC, DOUGLAS and WAYNE MORGAN, represented herein by their father, learned that they were no longer students at SOUTHWOOD ACADEMY, and would not *1204 be allowed to continue their schooling for the impending 1978-1979 school year.
VII.
“On June 13, 1978, suddenly and without any notice or warning whatsoever, plaintiff, JOHN E. MORGAN, was informed by a letter from the Chairman that membership privileges in the SOUTH TANGI EDUCATIONAL SYSTEM and SOUTHWOOD ACADEMY ‘. . . are hereby revoked’.
VIII.
“Revocation of plaintiff JOHN E. MORGAN’S membership in SOUTH TANGIE [sic] EDUCATIONAL SYSTEM allegedly is being attempted ‘As a result of serious infractions of our rules and policies as provided in the Charter and By-laws which govern us’ and ‘was made principally as a result of the action of MRS. MORGAN on May 30, 1978.’
IX.
“Plaintiff JOHN E. MORGAN is part owner of the nonprofit corporation and as [sic] a real ownership right therein as evidenced by the certificate of membership which he purchased.
X.
“ERIC, DOUGALS [sic] and WAYNE MORGAN were arbitrarily and capriciously dismissed as students and refused the right to return to school at SOUTHWOOD ACA-DANY [sic] and SOUTH TANGI EDUCATIONAL SYSTEM without any probable cause. •
XI.
“The defendants acted without any color of due process when they autocratically and as if by whim took board action to forbid them attending school, all without any warning or notice of any rule violation or infraction of any sort.
XII.
“Plaintiff learned after the attempted taking of his corporate rights and the attempted revocation of his children’s school rights, that his wife had an argument with a teacher on May 30, 1978 over a lost book fine.
XIII.
“Plaintiff shows that the fine was paid and the school refused to give the report cards until apologies were made by his wife.
XIV.
“Apologies having been refused, they, the teacher and assistant headmaster, asked for the Morgan children’s expulsion and succeeded, all actions without knowledge of plaintiff or his children.
XV.
“The By-Laws of the defendant corporation provide:
‘Any able student who satisfies the Board of his intellectual, moral and personal qualifications by examination and interview, shall be admitted and permitted to remain enrolled as long as his progress and conduct are in accord with the best interest of the school.’
And, plaintiff shows that ERIC, DOUGLAS and WAYNE MORGAN have progressed and conducted themselves in accordance with the best interest of the school.
XVI.
“ERIC, DOUGLAS, and WAYNE MORGAN recived [sic] no warning of possible consequence of their mother’s actions, nor did plaintiff herein, neither were they or the plaintiff given a hearing prior to the action of the Board or even a notice of the hearing prior to being expelled as students of SOUTHWOOD ACADEMY, and hence, were denied due process of law in violation of the Louisiana Constitution of 1974, Article I, Section 2.
*1205 XVII.
“Further, the action is illegal and not founded upon any legal right in that the Board attempted to take away plaintiff’s corporate right in the corporation without due process of law in violation of the Louisiana Constitution of 1974, Artilcle [sic] I, Section 2.
XVIII.
“ERIC, DOUGLAS and WAYNE MORGAN and plaintiff, JOHN E. MORGAN, individually, have suffered irreparable injury and loss, and will continue to so suffer.
XIX.
“In order to protect plaintiff’s interests and rights, and those of ERIC, DOUGLAS and WAYNE, it is necessary that this Court permanently restrain and enjoin the defendants, its agents, agents and all other persons from interferring [sic] with the MORGAN childrens [sic] attendance at SOUTHWOOD ACADEMY and ordering that they be allowed to enter and attend school immediately, and enjoining and restraining the interferanee [sic] with plaintiff, JOHN E. MORGAN’S rights and interest in and to the SOUTH TANGI EDUCATIONAL SYSTEM.
XX.
“Plaintiff fears the continued and immediate irreparable injury to himself and his children and it is necessary that this court issue a preliminary injunction in the form and substance of the permanent injunction mentioned above.
“WHEREFORE, plaintiff prays that this Court issue a preliminary injuction [sic], and in due course a permanent injuction [sic] enjoining the defendants from inter-ferring [sic] with ERIC, DOUGLAS and WAYNE MORGAN’S attendance at SOUTHWOOD ACADEMY and SOUTH TANGI EDUCATIONAL SYSTEM; and ordering defendants to allow ERIC, DOUGLAS and WAYNE MORGAN to enter and attend school immediately; and enjoining SOUTH TANGI EDUCATIONAL SYSTEM from interferring [sic] with plaintiff, JOHN E. MORGAN’S rights and interest in the corporation; and that defendants be ordered to show cause why the preliminary injunction should not be issued as prayed for herein.”
In support of its exceptions, defendants argue that the corporation’s by-laws and charter do not guarantee the right of enrollment; that the Board of Trustees gave plaintiff every opportunity to be heard; that the mere allegation of irreparable injury without the recitation of facts to substantiate the claim is insufficient citing La. C.C.P. art. 3601; and that the trial judge was correct in relying on Flint v. St. Augustine High School, 323 So.2d 229 (La.App. 4th Cir. 1975), writ refused, 325 So.2d 271 (La.1976).
Initially, this court must distinguish between the exception of no right of action and the exception of no cause of action. The no right of action exception questions the interests the plaintiff has in the subject matter of the litigation. As stated by this court in Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212, 1214 (La.App. 1st Cir. 1977):
“[T]he objection of no right of action raises the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff.”
A no cause of action exception involves the remedy sought by the plaintiff. The issue to be decided on the exception of no cause of action is whether the petition of the plaintiff alleges sufficient facts to afford to the plaintiff the remedy sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), Pettus v. Atchafalaya Wildlife Protective Society, 351 So.2d 790 (La.App. 1st Cir. 1977).
NO RIGHT OF ACTION
In support of the exception of no right of action, defendant introduced the corporation’s by-laws and charter asserting that the plaintiff has no right to compel the enrollment of his minor children in defend *1206 ant’s private school. Irrespective of what the corporate by-laws and charter may provide as to any guarantees of enrollment, there is no question in the opinion of this court that plaintiff, John E. Morgan, as a member of the defendant corporation has an interest in the subject of this proceeding, and thus has a right of action.
Further, as to the rights of the plaintiff’s minor children, this court recognizes that a child has an interest in attending certain educational institutions. In Flint v. St. Augustine High School, supra, at 233, the trial court recognized that “[t]he school has an outstanding reputation, hard-earned and richly deserved. But these same considerations lend weight to plaintiffs’ contention that judicial review should be available to them. The right to graduate from a particular high school has a value directly related to the standing of the school.” Although the Fourth Circuit reversed the trial court’s decision, and held that the expelled students received the necessary minimum safeguards of due process; we find that the minor children of John E. Morgan have sufficient interest in the proceedings and thus they have a right of action.
NO CAUSE OF ACTION
In order to maintain the exception of no cause of action, this court must accept the facts as pleaded in plaintiff’s petition as true. No other evidence can be admitted by either party to support or defeat the exception. Dunaway Realty Co., Inc. v. Pulliam, 364 So.2d 198 (La.App. 1st Cir. 1978). In reviewing the petition with all doubts being resolved in favor of plaintiff-appellee, this court finds that the facts presented are insufficient to state a cause of action for injunctive relief. The petition taken as true factually establishes that John E. Morgan purchased a membership certificate in defendant’s corporation, that the minor children attended defendant’s Academy, and that they were barred admission to the Academy for the academic school year, 1978-1979. As a result of the minor children being unable to attend defendant’s Academy, plaintiff concludes that the children have and will continue to suffer irreparable injury and loss.
This court in Price v. State, Department of Public Safety, License Control and Driver Improvement Division, 325 So.2d 759 (La. App. 1st Cir. 1976) stated that “[i]n order to obtain a preliminary injunction, a plaintiff must make a prima facie showing that he would prevail on the merits of the case, and that he will suffer irreparable injury unless the injunction issues. Articles 3601 and 3609, Code of Civil Procedure.”
A petition for injunctive relief should contain allegations of facts entitling the plaintiff to the relief sought. State ex rel. Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir. 1975). In Zibilich v. Rouseo, 157 La. 936, 103 So. 269, 271 (1925) our Supreme Court stated:
“[T]he pleader, in setting forth his grounds for relief by injunction, should allege ultimate facts, justifying the issuance of the writ instead of alleging mere conclusions of law; for the alleging of mere conclusions of law does not meet the requirements of pleading. [Citation omitted]”
The allegation that the children of the plaintiff have and continue to suffer irreparable injury and loss is a mere conclusion of law, and no facts are alleged in the petition to substantiate this conclusion. However, La.C.C.P. art. 934 provides:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
To grant plaintiff the opportunity to allege sufficient facts, the court must remand this case to permit the plaintiff sufficient time to amend his petition.
Therefore, for the above and foregoing reasons the judgment of the trial court is *1207 reversed and remanded, and IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff be allowed ten days from rendition of this judgment to submit an amended petition; all costs of this appeal to be shared equally by appellant and appellee.
REVERSED AND REMANDED.