CRAIN, Judge.
This appeal is from a decision of the State Civil Service Commission (Commission) that rescinded the promotion of Dorothy Kyle from an Attorney Y position.
On October 11, 1982, Mrs. Dorothy J. Kyle was promoted to the position of Section Chief of the Office of Family Security/Office of Licensing and Regulation (OFS/OLR), Legal Section.
On October 26, 1982, Joseph Donchess, a candidate for the promotion received by Mrs. Kyle, appealed the promotion of Mrs. Kyle on the basis that the appointing authority had abused its discretion, had acted capriciously, arbitrarily, and irrationally, and had violated Art. 10 Sec. 7 of the Louisiana Constitution in making the promotion. Mr. Donchess also appealed on the basis that the action was discriminatory in that Mrs. Kyle had used political connections and influence to obtain the promotion. Mr. Donchess further alleged in his appeal *834 application that Mrs. Kyle did not possess the minimum qualifications for the Attorney V classification.
A public hearing was held by the Civil Service Commission on March 2, 1983. Mrs. Kyle was never made a party to this proceeding. In fact, she was subpoenaed as a witness and then sequestered from the hearing rendering her unable to participate in any way. The Commission, while finding no discrimination or other ill practices by the appointing authority, nevertheless, proceeded to render a decision which demoted Mrs. Kyle on the grounds that she did not possess the minimum qualifications for an Attorney V classification. The decision specifically provided, “... The promotion and pay change effective November 11, 1982 for Dorothy J. Kyle is therefore rescinded as if it had never been granted.”
Mrs. Kyle subsequently appealed this decision by the Commission and also applied to this court for a stay of execution.[1] On July 12, 1983, this court ordered that a writ of mandamus be issued staying that portion of the decision of the Commission which might require Mrs. Kyle to reimburse the agency for the pay change effective November 11, 1982, until further order of the court.
Appellant filed in this court contemporaneously with her appeal the peremptory exception of nonjoinder of an indispensable party.
A review of the record reveals the fact that the Commission did not follow its own prescribed procedures for demoting a Civil Service employee. The Commission proceeded to rescind Mrs. Kyle’s promotion even though she was not made a party to a hearing that originated as a discrimination action initiated by Mr. Donchess. This assumption of power not only violates procedural due process but also the Commission’s own rules.
A review of the Civil Service Rules reveals that the Commission had two options. The Commission, under Ch. 16 of the Civil Service Rules, could have conducted a preliminary investigation to ascertain whether Mrs. Kyle was qualified for an Attorney V classification. Mrs. Kyle would have been made a respondent and given the opportunity to defend her position at a public hearing. The Commission also had the option to remand the issue of Mrs. Kyle’s qualifications to the appointing authority. The appointing authority could then, under Ch. 12 of the Civil Service Rules, demote Mrs. Kyle, but only for cause. Mrs. Kyle would be provided written detailed reasons for the action taken along with written notice of her right to appeal the action to the Commission within 30 days. Under either of the above alternatives Mrs. Kyle would be a party to the proceedings and given the opportunity to defend. Accordingly, we reverse the decision of the Commission that retroactively rescinded Mrs. Kyle’s promotion without her being made a party to the proceedings in accordance with the Civil Service Rules.
For the foregoing reasons, the decision of the Commission is reversed. All costs of this appeal are to be borne by the Commission.
REVERSED.

. We specifically note that although appellant was not a party to the original hearing, this case is properly before us through appellant’s use of La.C.C.P. art. 2086. This article provides that "a person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken."