588 So.2d 1154 (1991)
Dorothy J. KYLE
v.
CIVIL SERVICE COMMISSION, State of Louisiana, James R. Smith, Chairman, Watson S. Finister, Jr., David D. Duggins, Edwin C. Harbuck, Marshall J. Ryals, and James A. Smith, Members,
Department of Civil Service, Herbert Sumrall, Director, and Secretary, Civil Service Commission, and
The Department of Health and Human Resources, Roger Guissinger, Secretary, Sandra L. Robinson, Secretary, Office of the Secretary, Harvey Fitzgerald, Under-Secretary, Office of Management and Finance, Charles Castille, General Counsel.
No. 90 CA 0757.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Rehearing Granted for Limited Purpose and Decision Vacated in part; otherwise Decision Reinstated January 3, 1992.
*1156 Remy Chaisson, Thibodaux, Michael D. Lee, Baton Rouge, for plaintiff-appellant Dorothy J. Kyle.
Robert Boland, Jr., Baton Rouge, for defendant-appellee State Civil Service Com'n, et al.
Frank Perez, Baton Rouge, for defendant-appellee Dept. of DHHR.
Ann C. Coco, Dept. of D.E.Q., Baton Rouge, amicus curiae.
Before WATKINS, CARTER and LeBLANC, JJ.
WATKINS, Judge.
Plaintiff appeals a summary judgment dismissing all of her claims against the defendants. Because we find that the plaintiff has failed to set forth a cause of action, we affirm the dismissal of her claims and remand to give the plaintiff an opportunity to amend.
Plaintiff, Dorothy Kyle, originally filed a state tort claim and a Title 42 U.S.C. § 1983 claim[1] against several defendants for wrongfully demoting her from the position of Attorney V to Attorney III with the Department of Health and Human Resources. Plaintiff also sought all general and equitable relief. Named as defendants were: (1) the members of the Civil Service Commission, individually and in their official capacities; (2) the Department of Civil Service; (3) Herbert Sumrall, individually and in his official capacity as Secretary of the Department of Civil Service; and (4) the members of the Department of Health and Human Resources, individually and in their official capacity. The defendants filed an exception of no cause of action and a motion for summary judgment. The trial court granted summary judgment in favor of the defendants, finding them absolutely immune from suit.

FACTS
On October 11, 1982, Dorothy Kyle, a Civil Service employee of permanent status, was appointed to fill the vacant Attorney V position of Section Chief of the Office of Family Security and Licensing and Regulations. On October 26, 1982, Joseph Donchess, one of the unsuccessful applicants for the position, filed an appeal to the Civil Service Commission alleging, among other things, that Ms. Kyle was promoted to fill the position despite her lack of minimum qualifications required for that classification. Although Ms. Kyle testified at the Donchess hearing, she was not made a party to that appeal (hereinafter referred to as the "Donchess appeal.") In the Donchess appeal the Commission found that Ms. Kyle lacked the experience required to receive the promotion and ordered that the promotion and pay change be rescinded as though it had never been granted. Plaintiff was handed a copy of the Commission's decision in Donchess on July 17, 1983, by Charles Castille, general counsel for DHHR, who suggested that she read the opinion.
In compliance with the Commission's decision in the Donchess appeal, the Department of Health and Human Resources rescinded respondent's promotion. Respondent appealed her demotion to the Commission on the grounds that she had not been given proper notice thereof as required by Civil Service Rule 12.3. (Appeal of Kyle, (DHHR).) By a decision rendered on March 5, 1984, the Commission held that the error of the Department of Civil Service in certifying that Ms. Kyle possessed the minimum qualifications for the position of Attorney V barred Ms. Kyle from acquiring a vested right to hold this position. Consequently, the Commission determined that DHHR's action was a recision of an erroneously granted promotion and not a *1157 demotion for cause. Therefore, Civil Service Rule 12.3 was inapplicable. The Commission further stated that should its actions be construed as a demotion for cause, Ms. Kyle's complaint was untenable because Ms. Kyle received notice in compliance with Civil Service Rule 12.3 when she was given a copy of the Commission's Donchess opinion on July 17, 1983.
Ms. Kyle appealed the Civil Service Commission's ruling in Donchess to this court under the authority of LSA-C.C.P. art. 2086,[2]Donchess v. DHHR, Office of Management and Finance, 457 So.2d 833 (La.App. 1st Cir.1984). Ms. Kyle separately appealed the Commission's decision in Kyle v. DHHR, 472 So.2d 950 (La.App. 1985). On October 9, 1984, this court rendered its decision in Donchess, reversing the decision of the Commission; we held that the Commission failed to follow its own prescribed procedures for demoting its employees and that it had violated procedural due process. We found that two options were available to the Commission: a preliminary investigation under Chapter 16 of the Civil Service Rules to determine whether Ms. Kyle was qualified for the Attorney V classification; or a remand by the Commission to the appointing authority of the issue of Ms. Kyle's qualifications, allowing the appointing authority to demote Ms. Kyle, but only for cause, under Chapter 12 of the Civil Service Rules. Under Chapter 12 she would be provided with, prior to or at the time of her demotion, "written detailed reasons for the action taken along with written notice of her right to appeal the action to the Commission within 30 days." Donchess, 457 So.2d at 834.
In accordance with our decision in Donchess, plaintiff was re-instated to the position of Attorney V with back pay. On October 29, 1984, pursuant to Chapter 16 of the rules of the State Civil Service, the Director of the State Civil Service, Herbert Sumrall, filed written charges with the State Civil Service Commission, alleging that plaintiff had violated Civil Service Rule 14.1(j).[3] First, the Director alleged that plaintiff submitted improper applications to the Department of State Civil Service; that in the applications for employment for the positions of Attorney III and V on September 15, 1981, and on October 22, 1982, respectively, plaintiff asserted that from December 15, 1979, through June 30, 1980, she was an associate in a New York law firm; that in fact respondent was not an associate nor a partner of the firm but rather was a law clerk. Next, the Director alleged that plaintiff's assertion that she was an Associate of the firm was a knowingly false assertion which constituted a false statement in violation of Civil Service Rule 14.1(j); that plaintiff was not licensed to practice law within the State of New York until June 26, 1980; and that she was not engaged in the practice within that state or any other state between October 30, 1979, (when she left her employment in the practice of law in Louisiana) and June 26, 1980. The Director further alleged that as a direct result of the information on the employment applications, the plaintiff was certified on October 11, 1982 by the Department of State Civil Service as being qualified for promotion to the position of Attorney V. Finally, the Director asserted that inasmuch as plaintiff did not meet the minimum qualifications for the position of Attorney V, she was not qualified to be promoted to the position of Attorney V; therefore, her promotion to Attorney V in 1982 was void.
On November 8, 1984, as a result of the Director's charges against the plaintiff, the commission adopted a resolution ordering that an investigation by public hearing be conducted to determine whether respondent violated Civil Service Rule 14.1(j). A copy of the charges were mailed to the *1158 plaintiff on November 13, 1984, and a public hearing was initially scheduled for February 5, 1985.
The plaintiff thereafter resigned from the DHHR and sought a summary dismissal of the investigation. In an opinion dated March 24, 1986, the Commission found that because Ms. Kyle was no longer employed in the state classified service any "[f]urther proceedings in this matter would result in nothing more than a declaratory judgment.... Because of the entirely speculative nature of the relevance of any judgment in this matter, the Commission concludes that it would serve no useful purpose to pursue this matter at this time."
On June 25, 1985, this court rendered its decision in Kyle v. DHHR, which was not designated for publication. Again we reversed the ruling of the Commission, referring to our decision in Donchess, 457 So.2d at 834, wherein we held that "demotions for lack of qualifications to hold the position must be brought under Chapter 12 or Chapter 16, of the Civil Service rules under either of which `Ms. Kyle would be a party to the proceedings and given the opportunity to defend.'"
The plaintiff's tort suit was filed on June 1, 1984, before this court's decisions in Donchess and Kyle were rendered. Consequently, the current posture of this matter, as set forth in plaintiff's brief, "is that plaintiff Kyle seeks all of the relief allowed under 42 USC § 1983 from the defendants for their actions after the Donchess case, supra., and their threatened future actions." Plaintiff seeks relief in the form of monetary damages, equitable relief, and attorney's fees for her alleged mental distress and anguish, humiliation, loss of reputation, defamation, and violation of her constitutional rights. The trial court dismissed all of the plaintiff's claims against all of the defendants on defendants' motion for summary judgment based on the defenses of judicial and prosecutorial immunity.
The thrust of plaintiff's appeal is that absolute immunity does not apply, or in the alternative, that there are genuine issues of material facts prohibiting summary judgment. The plaintiff contends that the defendants are not absolutely immune because they were acting in bad faith and beyond the scope of their authority when they demoted her without a hearing, filed charges against her, and caused the demotion and charges to be published to third persons. The plaintiff also contends that the application of judicial immunity to support summary judgment was erroneous because she is seeking the equitable remedies of injunctive or declaratory relief which are not barred by judicial immunity.
The defendants in the instant case are seeking to shield themselves from civil liability for their official acts by claiming absolute immunity under the doctrines of judicial and prosecutorial immunity. They contend that judicial and prosecutorial immunity should attach to officers in the executive branch who perform functionally similar work to that of judges and prosecutors. See Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).[4]
However, we need not decide whether absolute immunity applies to the present factual situation since we find that the doctrine of qualified immunity is clearly applicable and plaintiff has failed to state a cause of action.

NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency *1159 of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977).
The petition must set forth material facts upon which the cause of action is based. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. LSA-C.C.P. art. 891. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La. 1980).
When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. Owens v. Martin, 449 So.2d 448, 452 (La.1984).
The plaintiff seeks recovery from the defendants in their official capacity under 42 U.S.C. § 1983 and personally under LSA C.C. art. 2315. The Civil Service Commission,[5] its members, and the Director of the Civil Service Commission have pled the affirmative defense of immunity.

Title 42 § 1983
Title 42 § 1983 of the United States Code provides in pertinent part that:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.
42 U.S.C.A. § 1983 (West 1981).
Recovery under § 1983 requires a plaintiff to allege and prove two essential elements: (1) that defendant's conduct occurred under color of state law, and (2) that defendant's conduct deprived him or her of a right, privilege, or immunity secured by the Constitution or a law of the United States. Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La.1990).

IMMUNITY
The law regarding immunity in § 1983 claims was discussed recently in Moresi, 567 So.2d at 1084-85 as follows:
Although the statute's language does not expressly incorporate any common law immunities, the United States Supreme Court concluded that Congress intended that common law tort principles of immunity should apply to § 1983 actions. Consequently, when an official performs a function integral to the judicial process or a traditional legislative function, the official is absolutely immune from § 1983 damage liability for acts performed in those capacities, and, in general a qualified immunity applies to most acts of government officials. The decisions of the Supreme Court and the circuits demonstrate that the qualified immunity test covers all state and local government officers at all levels of responsibility with the exception of those who have absolute immunity....
Until recently, the availability of qualified immunity was determined by a good faith test having two parts; an objective and a subjective component. An official could not invoke qualified immunity if he `knew or reasonably should have known' that his actions would violate the plaintiff's constitutional rights `or if he took the action with malicious intention to cause a deprivation of constitutional *1160 rights or other injury....' [Citations omitted.]
In Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) the United States Supreme Court did away with the traditional subjective "good faith" inquiry in order to more effectively carry out the purposes behind the immunity doctrines. The court fashioned a new rule, holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. at 817, 102 S.Ct. at 2738, 73 L.Ed.2d at 410. The court pointed out that many courts had considered an official's subjective good faith to be a question of fact, requiring extensive factual inquiry and resolution by a jury and the prospect of adverse determination. The court then explained the weakness of this approach:
The subjective element of the good faith defense frequently has proved incompatible with our admonition in Butz [v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)] that insubstantial claims should not proceed to trial.
....
In the context of Butz's attempted balancing of competing values, it now is clear that substantial costs attend the litigation of the subjective good faith of government officials.
Not only are there the general costs of subjecting officials to the risks of trial-distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.... Judicial inquiry into subjective motivation therefore may entail broad-ranging discovery and the deposing of numerous persons, including an official's professional colleagues. Inquiries of this kind can be peculiarly disruptive of effective government.
Consistently with the balance at which we aimed in Butz, we conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.

Harlow, 102 S.Ct. at 2737-2738.
The Harlow court expressed its belief that the new Harlow qualified immunity standard would permit "the resolution of many claims on summary judgment." Id., 457 U.S. at 818, 102 S.Ct. at 2739. Toward this end the court held that until resolution of the threshold question of the application of an immunity defense, "discovery should not be allowed." Id.
We are also convinced that the purposes of the immunity defense are effectively eviscerated when a plaintiff is allowed to state a claim with vague, broadly worded complaints which are unsupported by material facts. See Board of Examiners v. Neyrey, 542 So.2d 56 (La.App. 4th Cir. 1989), and Akins v. Jefferson Parish, 529 So.2d 27 (La.App. 5th Cir.1988). The Federal Fifth Circuit addressed this problem in Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir.1985) when it stated that,
In this context, [of immunity claims] liberal notions of notice pleading must ultimately give way to immunity doctrines that protect us from having the work of our public officials chilled or disrupted by participation in the trial or the pretrial development of civil lawsuits. Thus, in Elliott [v. Perez, 751 F.2d 1472 (5th Cir.1985)] we held that, to commence a lawsuit against a public official for acts for which he is potentially immune, the complaint must allege "with particularity all material facts on which [the claimant] contends ... that the plea of immunity cannot be sustained."
Considering the above cited principles, we now review the pleadings in this matter to determine whether the plaintiff has set forth material facts establishing that the defendants violated a clearly established right of which a reasonable person would have known. If not, the defendant is entitled to dismissal. Moresi, 567 So.2d at 1085.
The State Civil Service Commission[6] has exclusive authority for the administration and regulation of the state classified civil service, and rules adopted by the Commission *1161 have the force and effect of law. La. Const. Article X, § 10. The Commission has investigative, legislative, executive and judicial power. See Thoreson v. Department of Civil Service, 396 So.2d 367 (La. App. 1st Cir.1981).
Pursuant to its constitutional authority, the Commission adopted rules governing investigations. Rules 16.1, 16.2, and 16.3 provide in pertinent part:
16.1 Filing of Charges.
(a) Any person may file with the Director or the Commission written charges of a violation by any person of the Article or the Rules.
(b) When the Director, in the exercise of the authority granted him by Rule 3.1(1) hereof, has caused investigation to be made of reported violation of the Article or the Rules or has reason to believe that there has been violation of the Article or the Rules he may, in addition to other actions authorized by the Article or these Rules, file written charges with the Commission and present his findings to the Commission at a public hearing in a proceeding directed against the persons under investigation.
16.2 Preliminary Investigations.
The Commission may instruct the Director to conduct a preliminary investigation of any suspected violation by any person of the provisions of the Article or these Rules, to collect evidence in connection therewith, and to report thereon to the Commission.
16.3 Initiation of Investigations.
(a) The Commission may at any time, upon its own initiative, investigate any suspected violation by any person of the Article or the Rules.[7]
The rules promulgated by the commission have the force and effect of law, and as such we may take judicial notice of them for purposes of determining the scope of the authority granted to the Commission and the Director. The language of the above cited rules clearly shows that both the Commission and the Director may initiate an investigation of any suspected rule violation. Furthermore, the Director may, if he has reason to believe that there has been a violation of the rules, file written charges with the Commission. Accordingly, it is clear that the defendants' conduct occurred under the color of state law and within the performance of their discretionary functions.
The plaintiff contends that the defendants denied her constitutional right to due process and were beyond the scope of their authority when they filed charges against her because they failed to comply with our ruling in Donchess v. DHHR, 457 So.2d 833. Furthermore, the plaintiff alleges bad faith based on the fact that charges were filed against her shortly[8] after the Donchess v. DHHR opinion was rendered by this court.
We have reviewed our previous decision in Donchess and do not find that the decision supports plaintiff's allegation that the defendants were beyond their authority when they filed charges against her. The State Constitution and the rules and regulations promulgated by the Civil Service Commission clearly demonstrate that the acts of which the plaintiff complains are within the scope of defendants' official authority. Furthermore, we find that plaintiff's conclusory allegationthat the filing of the charges shortly after this court's decision in Donchess shows a retaliatory motivedoes not put at issue whether the defendants violated a clearly established statutory or constitutional right of which a reasonable person would have known.

*1162 STATE CLAIMS
As to plaintiff's allegations regarding violations of her State Constitutional rights, we find that the same factors which defeated plaintiff's § 1983 claim convince us that she has failed to state a cause of action for violations of her State constitutional rights against the individual members of the Civil Service Commission, the Director, and the Commission for the act of filing and accepting charges of an alleged violation of civil service rules. See Moresi, 567 So.2d 1081 and Akins, 529 So.2d 27.
The plaintiff also alleges that the defendant Civil Service Commission through its employees caused her humiliation and loss of reputation by publishing the Commission's decision in Donchess and Kyle and by publishing the alleged rule violations in a letter from Robert Boland, general counsel for Civil Service, to Michael Novak, Clerk of the Appellate Division of the Supreme Court of New York.
In a suit for defamation the plaintiff must allege the following elements: defamatory words; publication; falsity; malice, actual or implied; and resulting injury. Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196, 198 (La.1980). The allegations contained in plaintiff's petitions do not state sufficient material facts to support a cause of action for defamation against the Civil Service Commission, its members or the Director.
Although the employees of the DHHR are not public officials entitled to immunity, we find no facts in plaintiff's pleadings which would support a claim against them under 42 U.S.C. § 1983 or LSA-C.C. art. 2315. The only facts alleged in regard to the DHHR and its employees are that they executed the orders of the Director and the Commission. The plaintiff does not allege that the orders were improperly or negligently carried out. We conclude that the plaintiff has failed to state a cause of action against the DHHR or its Employees where the acts complained of were ordered by the Civil Service Commission against whom plaintiff has failed to state a cause of action.

EQUITABLE RELIEF
Although plaintiff's petition requests only "all general and equitable relief," she specifies in brief that "a mandatory injunction could be ordered requiring defendants, Sumrall and the Civil Service Commission to expunge the records regarding the testimony in the Donchess case," and that "a declaratory judgment could be issued prohibiting defendants Sumrall and the Civil Service Commission, from any contemplated future action against plaintiff." Apparently, the trial court did not address any of the above mentioned equitable remedies.
We agree that equitable remedies are not barred by judicial or prosecutorial immunity. See Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, we do not find that the plaintiff has set forth sufficient facts to state a cause of action for equitable relief.
An injunction shall issue in "cases where irreparable injury, loss, or damage may otherwise result to the applicant." LSA C.C.P. art. 3601.
A petition for injunctive relief should contain allegations of facts entitling the plaintiff to the relief sought. State ex rel. Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir. 1975). In Zibilich v. Rouseo, 157 La. 936, 103 So. 269, 271 (1925) our Supreme Court stated:
"[T]he pleader, in setting forth his grounds for relief by injunction, should allege ultimate facts, justifying the issuance of the writ instead of alleging mere conclusions of law; for the alleging of mere conclusions of law does not meet the requirements of pleading. [Citation omitted]'
Morgan v. Southwood Academy, 371 So.2d 1202, 1206 (La.App. 1st Cir.1979).
The plaintiff's petition merely states that the records from the Civil Service opinions in Donchess and Kyle are still contained in the public records and that the Donchess opinion was also published in several newspapers and was cited in a subsequent unrelated Civil Service appeal. The plaintiff's petition also sets forth a general statement with regard to all the *1163 actions of defendant alleging that those actions have "caused plaintiff to suffer mental distress and anguish, humiliation and embarrassment, loss of reputation both professionally and personally."
Neither the plaintiff's petition nor her brief states that any irreparable harm from the alleged activities of the defendants will occur, and no facts are alleged in the petition to substantiate this conclusion. In fact, her employment with the state as an unclassified Civil Service employee with the Louisiana State Attorney General's office belies her allegations of loss of any professional reputation as a result of the defendant's actions. Consequently, we find that plaintiff has failed to state a cause of action for injunctive relief.
We further find that plaintiff has failed to state a cause of action for declaratory relief under LSA C.C.P. art. 1871. The plaintiff's petition alleges retaliatory motives for the actions of the defendants. In brief, the plaintiff contends that the Civil Service Commission has threatened, if she returns to Classified Civil Service Employment, future prosecution of the charges which were filed prior to her resignation.
As set forth in Schreiner v. Weil Furniture Co., 68 So.2d 149, 153 (La.App. Orleans 1953):
An action for a declaratory judgment generally cannot be maintained unless involving some specific adversary question or contention based on existing state of facts.
Courts ordinarily will not decide as to future or contingent rights, but will wait until rights have become fixed under the existing state of facts.
A declaratory decree cannot be made as to questions which are remote, incidental and determinative of no controversy between the parties litigant. [Citations omitted.]
Because the Civil Service Commission has taken no action to institute future prosecution and its decision to do so is entirely discretionary, plaintiff has not presented a justifiable controversy for declaratory judgment. See Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).
For the reasons set forth, the defendant's exception of no cause of action is sustained. We remand this matter to the trial court with instructions that plaintiff be given an opportunity to amend her petition to state a cause of action in accordance with the views expressed herein. LSA C.C.P. art. 934. Costs of this appeal are to be borne by the plaintiff, appellant.
AFFIRMED AND REMANDED.
CARTER, J., concurs in the result.

ON REHEARING
We grant a rehearing in this matter for the limited purpose of correcting an error in our original opinion. On original hearing we dismissed the plaintiff's suit with leave to amend against all the defendants named in the plaintiff's petition. However, the defendants DHHR and several of its emnployees did not join in the exception of no cause of action or the motion for summary judgment. Consequently, the DHHR and its employees were not parties to this appeal and we lacked jurisdiction over them. Accordingly, we vacate that portion of our ruling which dismissed the plaintiff's claims against the DHHR and its employees. In all other respects our decision on original hearing is reinstated.
NOTES
[1] Plaintiff also stated a quantum meruit claim against the DHHR and several of its officers. This claim is no longer at issue as the plaintiff was awarded her claim for back pay in Donchess, infra.
[2] LSA-C.C.P. art. 2086 reads:

A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.
[3] Civil Service Rule 14.1(j) provides:

No person shall make any false statement, certificate, mark, rating, form or report with regard to any application, test, certification, personnel transaction, appointment or employment made under any provision of the Article, the Rules, or a regulation of the Department of Civil Service, or in any manner commit or attempt to commit any fraud preventing the impartial execution of the Article, Rules and regulations.
[4] In Butz, the United States Supreme Court held that in a suit for damages arising from unconstitutional action, federal executive officials exercising discretion are entitled only to qualified immunity except for exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business. The court recognized that "there are some officials whose special functions require a full exemption from liability." Butz 98 S.Ct. at 2911.

The Court emphasized that the immunity analysis rests on functional categories, not on the status of the defendant. The following factors are mentioned in the Butz decisions as characteristic of the judicial process and should be considered in determining absolute as contrasted with qualified immunity: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctibility of error on appeal.
[5] States and arms of state government are not persons who may be sued under 42 U.S.C. § 1983. "State agencies are defined in LSA-R.S. 13:5102 as any board, commission, department, agency, special district, authority, or other entity of the state." Board of Examiners v. Neyrey, 542 So.2d 56, 66 (La.App. 4th Cir.1989) and cases cited therein. Accordingly, the Civil Service Commission is not subject to suit under 42 U.S.C.A. § 1983. However, the individual members of the Commission are "persons" within the meaning of the statute and may be sued.
[6] The State Civil Service Commission is created by Article X, § 3 of the Louisiana State Constitution. Its members are appointed by the governor from a list of three (3) persons submitted by the Presidents of six (6) universities within the State of Louisiana. The seventh member of the commission is elected by the state classified employees from among their ranks.
[7] Rule 16.3(c) requires the Commission to hold a public hearing within ninety days of the filing of charges by the Director. At that public hearing, the Director prosecutes his charges against the named respondent in a hearing generally conducted in a manner approximating accepted practice in the district courts of the State. See Rules 16.14 and 16.12.
[8] The plaintiff contends that the mere fact that the defendants filed charges shortly after we rendered our decision in Donchess, reversing the demotion of plaintiff, shows a retaliatory motive on the part of the defendants.