| iWHIPPLE, Judge,
dissenting.
I respectfully dissent.
The trial court granted defendant’s peremptory exception pleading the objection of no cause of action, based upon its finding that Civil Service Rule 11.10 is constitutional and applies to plaintiffs’ claim to bar any action for recovery of compensation for leave in excess of 300 hours.
The trial court also apparently considered and rejected defendant’s dilatory exception pleading the objection of unauthorized use of summary proceedings, and decided the merits of plaintiffs’ case, as well as defendant’s affirmative defense, at the hearing on the exceptions.
In affirming the action of the trial court herein, the majority has likewise disposed of *1350 plaintiffs’ claim summarily and without allowing plaintiffs an opportunity to amend their petition, if possible, to state a cause of action.
As the majority correctly notes, the peremptory exception of no cause of action tests the legal sufficiency of the petition and, in assessing the validity of the exception, all well-pleaded facts are accepted as true. Kyle v. Civil Service Commission, 588 So.2d 1154, 1158-1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992). As the majority opinion further notes, if the allegations set forth a cause of action as to any part of the |2demand, the exception must be overruled. Kyle, 588 So.2d at 1159. When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. Owens v. Martin, 449 So.2d 448, 452 (La.1984).
In granting the exception of no cause of action and dismissing the suit of the heirs herein, the trial court stated:
Rule 11.10, Civil Service Rules, provides: “No terminal payments for annual leave earned under these rules shall exceed the value of 300 hours, computed on the basis of the employee’s hourly rate of pay at the time of his separation.”
The state has paid the 300 hours that’s authorized under Rule 11.10. The state has come into the court with a peremptory exception of no cause of action and unauthorized use of summary process. With regards to the no cause of action, inasmuch as the law limits the amount of time which a person can accumulate and be paid, then I think that law controls and it’s not unconstitutional. She could have taken the other 1,016 hours and retired at an earlier date. But she did not retire, of course, she died.
I do not think that Rule 11.10 limiting the number of hours to 300 that you can be paid for is unconstitutional. The court is going to grant the exception of no cause of action. Inasmuch as the court’s ruling is based upon the law, then the court will not allow you an opportunity to amend because you can’t amend and cure the problem because Rule 11.10 is against you.
I disagree with the apparent conclusion of the trial court and the majority herein that, as a matter of law, Rule 11.10 is constitutional, both on its face and as applied herein, and that plaintiffs can not state a cause of action upon which relief may be granted. In my view, plaintiffs should be allowed the opportunity to amend their petition to state a cause of action, if possible.
The record herein does not contain the date plaintiff began her employment, the terms of her employment, the date on which the executive order issued herein adopting and/or amending Civil Service Rule 11.10, or any evidence to establish or dispute that plaintiffs’ decedent had acquired a contractual right or property interest in the accumulated leave which she allegedly forfeited upon her untimely death.
In Knecht v. Board of Trustees for State Colleges and Universities and Northwestern State University, 591 So.2d 690 (La.1991), the Louisiana Supreme Court rejected the premise that, as a governmental employer endowed with constitutional authority to manage and supervise institutions under its control, the governmental employer had the power to retroactively abolish an employees’ accumulated leave time, stating:
The Board also argues that as a governmental employer endowed with constitutional authority to manage and supervise the institutions under its control, see La. Const, art. 10, § 2, it had the power to abolish, even retroactively, whatever time may have been accumulated. The ability to accrue leave time, it says, was a privilege, which can now be revoked at its whim. We reject these circular arguments because they are founded in the Board’s failure to recognize that the plaintiffs had a contractual right, a property interest, in the accumulated leave.
Knecht, 591 So.2d at 696.
Moreover, the trial court and the majority herein have erred in overruling the objection *1351 to the use of summary proceedings and in deciding, in a summary proceeding, the constitutionality of Rule 11.10, both on its face and as it applies under the facts presented herein.
For these reasons, I respectfully dissent and would reverse and remand accordingly.